UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL B. HENDERSON,

    Plaintiff,

v.                                        Case No. 24-cv-1554-bbc

SHERIFF SEVERSON,
DJA LEWANDOWSKI,
LT. COMPTON,
NURSE ZERBST, and
NURSE JOHNSON,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Daniel Henderson, who is currently serving a state prison sentence at the Chippewa Valley Correctional Treatment Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Waukesha County Jail.[1] After concluding that the complaint failed to state a claim upon which relief could be granted, the Court gave Henderson the opportunity to file an amended complaint to cure the deficiencies the Court identified in the screening order. On February 6, 2025, Henderson filed an amended complaint, which the Court will screen, as required by 28 U.S.C. §1915A.

### LEGAL STANDARD

As explained in the original screening order, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised

---

[1] This is the second lawsuit that Henderson has filed in connection with the same underlying incident. *See Henderson v. Jackels*, No. 23-cv-269 (E.D. Wis.), which was dismissed per the parties' stipulation after they reached a settlement.

any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## SCREENING THE AMENDED COMPLAINT

Despite the Court explaining in the original screening order why the allegations in Henderson's complaint failed to state a claim upon which relief could be granted, Henderson restated the same allegations in his amended complaint. It is unnecessary for the Court to repeat its analysis. In short, Henderson fails to state a claim against Sheriff Severson and DJA Lewandowski based on allegations that they did not discipline and/or respond to his after-the-fact complaints about jail staff's response to his medical emergency and the conditions of the cell that he was temporarily placed in. *See* Dkt. No. 7 at 4-5 (citing *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007)). Further, Henderson fails to state deliberate indifference claims against Nurses Johnson and Zerbst based on allegations that they did not perfectly navigate his medical crisis. As previously explained, Henderson's assertions that the nurses should have better maintained medical equipment and/or acted more decisively during his medical emergency amounts, at most, to negligence, which is not actionable under the Constitution. *See* Dkt. No. 6-7 (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) and *Dunigan ex rel. Nyman v. Winnebago Cty.*, 165 F.3d 587,

592 (7th Cir.1999)). As previously advised, to the extent Henderson seeks to pursue state law negligence claims against these individuals, he may do so in state court.

Finally, Henderson fails to state a claim against Lt. Compton. Although Henderson lists Compton in the "Parties" section of his amended complaint, *see* Dkt. No. 8 at 1, the amended complaint contains no allegations of what Henderson believes Compton did or did not do to violate his rights. The amended complaint therefore violates Fed. R. Civ. P. 8(a)(2) in that it fails to include a "short and plain statement of the claim" against Compton, "showing that [Henderson] is entitled to relief."

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 10th day of February, 2025.

s/ Byron B. Conway
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.